UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH F. OLIVARES,

    Plaintiff,

v.                                              Case No. 15-11630

ANN ARBOR HOUSING COMMISSION,        HON. AVERN COHN
TAYLOR HOUSING COMMISSION,
JOHN CARTER,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 7)**
**AND DISMISSING CASE**[1]

I.  Introduction

This is a civil rights case under 42 U.S.C. § 1983 in the housing context. Plaintiff Joseph F. Olivares[2] proceeding pro se, filed a complaint in state court against defendants the Ann Arbor Housing Commission, the Taylor Housing Commission and John Carter. Plaintiff takes issue with an inspection at his apartment. Defendants

---

[1] Upon review of the papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] A review of the Court's electronic filing system reveals that plaintiff has been a frequent pro se filer in this district. The majority, if not all, of plaintiff's complaints have been summarily dismissed. See Olivares v. Performance Contr., et al., 02-74585; Olivares v. Fifteenth District Court, et al., 05-71275; Olivares v. Sutton, et al., 07-15201; Olivares v. Coy, et al., 12-10787, Olivares v. Tallahassee Police Dept., 14-10097; Olivares v. Leon, County, et al., 14-10098; Olivares v. Michigan Workers' Compensation Agency, 15-11004. Case Nos. 14-10098 and 15-11004 were before the undersigned. Plaintiff also sued two individuals at the Ann Arbor Housing Commission making claims regarding the termination of his tenancy at a different apartment. Olivares v. Yaroch, 13-12982. That case was recently dismissed on summary judgment. See Doc. 75 in case no. 13-12982.

removed the case to federal court on the grounds of federal question jurisdiction.

Before the Court is defendants' motion for summary judgment (Doc. 7). Plaintiff has responded. (Doc. 9). Defendants have replied. (Doc. 11). The matter is ready for decision. For the reasons that follow, the motion will be granted and the case will be dismissed.

## II. Background

Plaintiff resides in an apartment in Ypsilanti Township. His rent is subsidized by virtue of a Housing Choice Voucher (HCV), formerly known as a Section 8 Voucher. The HCV was issued by the Ann Arbor Housing Commission. The Ann Arbor Housing Commission is a Michigan housing commission that provides subsidized housing benefits to certain qualified individuals and families. The Taylor Housing Commission is also a Michigan housing commission. It conducts housing inspections for the Ann Arbor Housing Commission, acting as a contractor. John Carter is the executive director the Taylor Housing Commission. Carter performed an inspection of Plaintiff's apartment under the arrangement between the Ann Arbor Housing Commission and the Taylor Housing Commission.

Under 24 C.F.R. §982.551(d), a participant in an HCV program, like Plaintiff, is required to permit the housing authority to inspect their apartment. Such inspections are required. 24 C.F.R. §982.405(a) and (b); 24 C.F.R. §5.705. Ann Arbor Housing Commission is periodically required to randomly select apartment units from a list of units which had annual inspections performed within the previous 90 days.

Plaintiff's apartment was randomly selected under this procedure. The Ann Arbor Housing Commission had no control over which units would be chosen. Carter

did not have access to the names of the tenants associated with Ann Arbor Housing Commission's list of inspected apartments. When Plaintiff 's unit was selected for a random inspection, Carter had no prior contact with Plaintiff, did not know who he was, and to date has never met him.

Carter inspected Plaintiff's apartment on April 7, 2015. He found that electrical outlets in certain areas of the apartment should have GFCI protection. Thereafter, Carter, on Ann Arbor Housing Commission letterhead, wrote to Plaintiff's landlord explaining the need for GFCI outlets in the kitchen, bathroom and laundry areas within 6 feet of a water source. The letter did not require Plaintiff to take any action.

Plaintiff's landlord subsequently replaced the electrical outlets. Plaintiff continues to reside in his apartment.

Plaintiff then filed this lawsuit, claiming violations of the 14th Amendment. He seeks a permanent injunction against future inspections as well as punitive damages in the amount of $500,000.

### III.  Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S.

574, 586 (1986).  Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, id. at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," Hager v. Pike County Bd. Of Education, 286 F.3d 366, 370 (6th Cir. 2002).

### IV.  Analysis
#### A.  Count I

In Count I, styled "Issuance of Void Failure of Inspection," Plaintiff alleges that "neither the housing authority, nor its inspectors can issue a failure of inspection, based upon what is clearly in the authority of the City of Ypsilanti..."  Defendants contend this does not state a viable claim.  The Court agrees.

As noted above, housing authorities are legally required to conduct inspections of apartments, like Plaintiff's, that receive an HCV voucher.  See 24 C.F.R. §982.405(a) and (b); 24 C.F.R. §5.705; 24 C.F.R. §982.551; and Defendants' Exhibit 1, Affidavit of HCV Housing Manager Weneshia Brand.  These inspections are based upon the desire to ensure that landlords renting apartment units to HCV recipients operate housing facilities with certain housing quality standards.  There is no basis for finding that the inspection was illegal.

#### B.  Count II

In Count II, styled "Issuance of void failure of inspection is in violation of the 14th Amendment United States Constitution and actionable under 42 U.S.C. § 1983," Plaintiff alleges that he has been subjected to "unequal treatment under the law" in violation of the 14th Amendment.  Defendants are correct that this claim also fails.

The 14th Amendment's Equal Protection Clause "is to secure every person within

a State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The requirements for a "class of one" equal protection claim are an allegation "that (plaintiff) has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." Village of Willowbrook, supra at 564.

The Section 8 or HCV housing program was enacted as part of the Housing Act of 1937, 42 U.S.C. §1437f, in order to assist qualified persons/families in obtaining proper housing, and to promote economically mixed housing. Apartment units rented under the HCV program must meet housing quality standards. 24 C.F.R. §982.1(a)(2). Housing commissions are required to approve the dwelling and ensure that all regulatory requirements are satisfied. Id. A housing commission may terminate voucher assistance if the participant "violates any family obligation under the program." 24 C.F.R. §982.552 (c)(1)(I).

Here, as explained above, Plaintiff's apartment was randomly selected for inspection without any defendant even knowing that it was Plaintiff's unit which had been selected. Plaintiff has put forth no evidence to the contrary. As such, there is no genuine issue of material fact that Plaintiff cannot demonstrate that he was singled out or treated differently than any other similarly situated person. As such, he cannot make out a claim for violation of Equal Protection.

Further, Plaintiff has suffered no damages. His apartment was inspected, the

landlord was notified of necessary repairs, the repairs were done, and Plaintiff has continued living in his apartment. In short, Plaintiff has not made out a viable Equal Protection Claim.

### C.  Permanent Injunction

As noted above, Plaintiff request a permanent injunction prohibiting inspections. This request lacks merit.  "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four factor test before a court may grant such relief.  Plaintiff must demonstrate:  (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4 ) that the public interest would not be served by a  permanent injunction."  eBay, Inc. v MercExchange LLC, 547 U.S. 388, 391 (2006).

Plaintiff cannot satisfy this standard.  He has not suffered any injury.  He continues to reside in his apartment.  Further, there is no reason that monetary damages, even if applicable, would be inadequate to compensate him for any alleged injury.  There is no "balance of hardships" to be weighed; Plaintiff has not suffered any hardship.  His apartment was inspected as required for all HCV recipients  and his landlord made the necessary repairs.  On the other hand, it would be improper to grant an injunction, as failing to inspect Plaintiff 's unit would be in violation of federal law and its own policies.  An injunction prohibiting inspections could open the door to Plaintiff 's apartment unit falling below housing quality standards, which are in place for the

purpose of promoting safety.

### D. Punitive Damages

Plaintiff seeks punitive damages of $500,000.  As both the Ann Arbor Housing Commission and the Taylor Housing Commission are local governmental entities, punitive damages cannot be assessed against them.  City of Newport v. Fact Concerts Inc., 453 U.S. 247, 267 (1981).

### E. Other Aspects of Plaintiff's Section 1983 Claim[3]

Defendants also argue that Plaintiff's § 1983 claims fail against the Ann Arbor Housing Commission and the Taylor Housing Commission due to a failure to identify an "official policy" as responsible for the alleged deprivation of Plaintiff's rights.  This argument is well-taken.  Municipal liability for the actions of employees cannot be based on a theory of respondeat superior; the local government, through its policies, must be the "moving force" behind the injury.  Ryan v. City of Detroit, 977 F. Supp. 738, 747-48 (E.D. Mich. 2013) quoting Fox v. Van Ooserum, 176 F.3d. 342, 345 (6th Cir. 1999).  Here, Plaintiff cannot establish the existence of an unconstitutional policy, nor can he demonstrate any link between any such policy and his alleged injuries.  The only "policy" at issue is the selection of apartment units for inspections.  As explained above, the selection process is random and required.  Plaintiff has no evidence to the contrary.

---

[3]Plaintiff put forth some arguments in response to defendants' motion, including that defendants should have attached various documents to their motion and that the Rooker-Feldman doctrine applies.  Defendants' reply adequately explains why none of Plaintiff's arguments have merit.  No further discussion of plaintiff's arguments is necessary.

Moreover, to the extent Plaintiff claims Carter deprived him of his constitutional rights, defendants are correct that Carter is entitled to qualified immunity.  See Harlow v. Fitzgerald,  457 U.S. 800, 807 (1982).  Plaintiff cannot establish that Carter's actions, which were in accordance with the applicable rules and regulations, were objectively unreasonable.

## V.  Conclusion

For the reasons stated above, defendants motion for summary judgment is GRANTED.  This case is DISMISSED.

SO ORDERED.

                                          S/Avern Cohn
                                          AVERN COHN

Dated: December 1, 2015                       UNITED STATES
                                          DISTRICT JUDGE

       Detroit, Michigan