UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH F. OLIVARES,

      Plaintiff,

v.                                                                                                Case No. 15-11630

ANN ARBOR HOUSING COMMISSION,                                          HON. AVERN COHN
TAYLOR HOUSING COMMISSION,
JOHN CARTER,

      Defendants.

_____/

**MEMORANDUM AND ORDER**
**DENYING MOTION FOR RECONSIDERATION (Docs. 15, 16)**

I.  Introduction

This is a civil rights case under 42 U.S.C. § 1983 in the housing context.  Plaintiff

Joseph F. Olivares[1] proceeding pro se, filed a complaint in state court against

defendants the Ann Arbor Housing Commission, the Taylor Housing Commission and

John Carter.  Plaintiff took issue with an inspection at his apartment.  Defendants

removed the case to federal court on the grounds of federal question jurisdiction.

Defendants filed a motion for summary judgment (Doc. 7).  The Court granted

the motion and dismissed the case.  (Doc. 13).

---

[1]As the Court noted, plaintiff has been a frequent pro se filer in this district.  The majority, if not all, of plaintiff's complaints have been summarily dismissed.  See Olivares v. Performance Contr., et al., 02-74585; Olivares v. Fifteenth District Court, et al., 05-71275; Olivares v. Sutton, et al., 07-15201; Olivares v. Coy, et al., 12-10787, Olivares v. Tallahassee Police Dept., 14-10097; Olivares v. Leon, County, et al., 14-10098; Olivares v. Michigan Workers' Compensation Agency, 15-11004.  Case Nos. 14-10098 and 15-11004 were before the undersigned.  Plaintiff also sued two individuals at the Ann Arbor Housing Commission making claims regarding the termination of his tenancy at a different apartment.  Olivares v. Yaroch, 13-12982.  That case was recently dismissed on summary judgment.  See Doc. 75 in case no. 13-12982.

Thereafter, plaintiff filed a paper styled "In Rebuttal to Defendant's Further Statements and Demand for Jury Trial in remand to 22nd District Circuit Court Under Rooker -Feldman Doctrine" (Doc. 15) and a "Motion to Set Aside Judgement in Dismissal and Remand Back to the 22nd Circuit Court in Reconsideration." (Doc. 16). The Court construes these filings as a motion for reconsideration. For the reasons that follow, the motion is DENIED.

## II.  Background

The background of the case is set forth in the Court's summary judgment order and will not be repeated in detail here. Briefly, plaintiff resides in an apartment in Ypsilanti Township. His rent is subsidized by virtue of a Housing Choice Voucher (HCV), formerly known as a Section 8 Voucher. The HCV was issued by the Ann Arbor Housing Commission. Carter inspected Plaintiff's apartment on April 7, 2015. Carter found that electrical outlets in certain areas of the apartment should have GFCI protection. Thereafter, Carter, on Ann Arbor Housing Commission letterhead, wrote to Plaintiff's landlord explaining the need for GFCI outlets in the kitchen, bathroom and laundry areas within 6 feet of a water source. Plaintiff was not required to take any action based on the letter. Plaintiff's landlord subsequently replaced the electrical outlets. Plaintiff continues to reside in his apartment.

Plaintiff then filed this lawsuit, claiming violations of the 14th Amendment. He sought a permanent injunction against future inspections as well as punitive damages in the amount of $500,000.

## III.  Legal Standard

E.D. Mich LR 7.1(h)(3) governs motions for reconsideration, providing in relevant

part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997)(citing Webster's New World Dictionary 974 (3rd ed. 1988)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  Czajkowski v. Tindall & Associates, P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## IV.  Discussion

Plaintiff has not satisfied this standard.  To the extent Plaintiff's filings can be intelligently read, he fails to show that the Court erred in dismissing the complaint.  The Court carefully explained why Plaintiff could not prevail on any of his claims.  Nothing in Plaintiff's filings indicates that his claims should be allowed to proceed.

Plaintiff's request to "remand" this matter is likewise unavailing.  Putting aside that the case has been dismissed, because Plaintiff clearly invoked the Court's jurisdiction by asserting federal claims, there is no basis to remand it back to state court.

SO ORDERED.

S/Avern Cohn
AVERN COHN
Dated:   December 18, 2015          UNITED STATES DISTRICT JUDGE
          Detroit, Michigan

3